1 F.3d 1246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re Peter Oscar JORGENSON, Debtor.
Peter Oscar JORGENSON, Appellant,
v.
Barry J. SCHWARTZ, Appellee.
 No. 92-55161.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 13, 1993.*
Decided July 15, 1993.
 
 Before: WOOD,** REINHARDT and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Peter Oscar Jorgenson appeals the decision of the Bankruptcy Appellate Panel. We affirm.
 
 
 3
 1. Findings. Jorgenson, the debtor, contests the bankruptcy court's factual finding that a $14,000 settlement was the property of the estate. He contends that he was not a party to the settlement and that the money belongs to other members of his family. The bankruptcy judge disagreed. We review the factual findings of a bankruptcy court for clear error. In re Anderson, 833 F.2d 834, 836 (9th Cir.1987). Here, the court's findings were not clearly erroneous.[1]
 
 
 4
 2. Trustee's standing. Jorgenson originally filed for bankruptcy in 1984, under Chapter 7. He converted to Chapter 13 a few months later. In 1985, the bankruptcy court approved the settlement between Jorgenson and a third party that produced the $14,000. When it approved the settlement, the court instructed Jorgenson to move to have the money declared not a part of the debtor's estate. [TER 36-37]. No trustee was present or, apparently, was afforded notice. Jorgenson moved the following year to release the funds. The record reveals no disposition of the motion. He subsequently converted to Chapter 11 and then reverted back to Chapter 7. He was in Chapter 7 when he moved once again, in 1990, to have the money declared not a part of the estate. The trustee opposed Jorgenson's motion. Jorgenson contends that the trustee has no standing to claim the $14,000 because he did not pursue the money between 1985 and 1990.
 
 
 5
 The bankruptcy court presided over Jorgenson's case from its inception. In determining that the money was the property of the estate, the court was able to consider the history of Jorgenson's petition, weigh the equities, and consider any prejudice to Jorgenson arising from the delay. It apparently found none, and Jorgenson points to none. Moreover, we are unaware of any case or rule that would permit the trustee to be penalized under such circumstances.
 
 
 6
 3. Uncontroverted testimony. Jorgenson's third argument is that, because the testimony he presented at trial was uncontroverted, the bankruptcy court was obliged to credit it, and the trustee has waived any right to challenge it on appeal. A trier of fact, however, may reject even uncontroverted testimony, Jauregui v. City of Glendale, 852 F.2d 1128, 1132 (9th Cir.1988), and an opposing party is not bound by such testimony.
 
 
 7
 4. New issues. Jorgenson raises two issues for the first time before this court: that the bankruptcy court violated the Constitution and abused legal process by questioning his wife and himself during the trial, and that the settlement agreement that gave rise to the $14,000 is invalid because it was obtained under duress. Because Jorgenson did not raise these issues below, we decline to decide them. United States v. One 1980 Mercedes Benz 500 SE, 772 F.2d 602, 607 (9th Cir.1985).[2]
 
 
 8
 5. Sanctions. Jorgenson contends that all of his creditors have been satisfied, and asks us to sanction the trustee for acting in bad faith. The trustee asks us to sanction Jorgenson for deliberately concealing and misrepresenting the facts. We impose no sanctions.[3]
 
 
 9
 6. Trustee's fees. Jorgenson claims that the trustee is estopped by Watkins v. United States Army, 875 F.2d 699 (9th Cir.1989) (en banc), cert. denied, 498 U.S. 957, 111 S.Ct. 384 (1990), from charging his legal fees to the debtor's estate. He appears to argue that the government (in the person of the trustee) has committed "affirmative misconduct going beyond mere negligence," that "the government's wrongful act will cause a serious injustice, and [that] the public's interest will not suffer undue damage by imposition of the liability." Id. at 707 (citations omitted). However, we find no affirmative misconduct, nor any serious injustice.
 
 
 10
 7. Costs. The trustee asks that we award him his costs. We decline to do so. Each side shall bear its own costs.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Harlington Wood, Jr., Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Jorgenson additionally appears to contend that, because he was not a party to the settlement, the bankruptcy court did not have jurisdiction to approve it. In light of our affirmance of the bankruptcy court's finding, we do not reach this contention
 
 
 [2]
 Accordingly, we deny Jorgenson's motion for a subpoena duces tecum to compel the Los Angeles Police Department to produce records relating to his claim of duress, and to continue submission until the evidence is produced and made part of the record
 
 
 [3]
 Jorgenson states in his opening brief that he represented his wife and family when he moved to release the $14,000. The trustee contends that this statement demonstrates that Jorgenson is engaged in the unlicensed practice of law. We decline to consider the trustee's contention